A07A0910. PEARDON v. THE STATE.
(651 SE2d 121)

BARNES, Chief Judge.

In the wake of his conviction for methamphetamine possession, Lester Peardon argues that the trial court erred when it denied his motion to suppress. We find no error and affirm.

Where the evidence at a hearing on a motion to suppress is uncontroverted and no question of credibility is presented, we review

the trial court's application of the law to these undisputed facts de novo. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). As to questions of fact and credibility, however, we construe the evidence most favorably to the upholding of the trial court's findings and judgment, which must be accepted unless clearly erroneous. *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

So viewed, the record shows that after a jury trial, Peardon was convicted of methamphetamine possession in 2001 and sentenced to ten years probation with six months to serve, the latter suspended in lieu of three to four months in state probation boot camp. At the sentencing hearing, and as a special condition of probation, the trial court required Peardon to

> submit to a search of his[ ] person, houses, papers, and/or effects as these terms of the Fourth Amendment to the United States Constitution are defined by the Courts, any time of the day or night, with or without a search warrant, whenever requested to do so by a Probation Officer or any law enforcement officer, and he[ ] specifically consents to the use of anything seized as evidence in any Judicial proceedings or trial.

At the sentencing hearing, the trial court explained the State's power to search as "including but not limited to bodily substances," and "notwithstanding any constitutional or statutory rights," for the purposes of "monitor[ing] [his] compliance." Peardon, who was represented by counsel, did not inquire about or object to this condition.

In April 2006, Cherokee County narcotics officers received a tip that Peardon was acting as a go-between in drug transactions at his house. The tip came from a confidential informant who had previously provided information leading to arrests in two previous cases of methamphetamine trafficking. One of the officers, Agent Furman, had heard of Peardon from other drug offenders. Furman then conducted a background check on Peardon and discovered that he was on probation and subject to search.

Half an hour later, police went to the house pointed out by the informant. Peardon was not there, but neighbors told police that the van parked across the street was his and that he was probably close by. Shortly afterward, a white SUV turned into the street, which had only a few houses on it, and then turned back out and drove away. When another officer radioed Furman to say that he saw Peardon in the SUV, Furman drove after the SUV, stopped it, and told Peardon, who was a passenger, that he was subject to a probation search. Police then searched Peardon, his house, and the van, which was registered in Peardon's wife's name. They found a leather jacket in the van with

the keys to Peardon's Porsche and a pipe inside its pockets. Furman then asked Peardon to provide a urine sample, but he refused, saying that "he [would] fail it." The pipe tested positive for methamphetamine, as did the urine tested pursuant to a warrant. After the denial of his motion to suppress and a bench trial, Peardon was convicted of one count of methamphetamine possession.

Peardon contends that the trial court erred when it concluded that his special condition of probation amounted to a waiver of his Fourth Amendment rights. Peardon also argues that the stop of the vehicle, as well as the subsequent searches of himself, his house, and his van, were illegal.

A law enforcement officer may conduct a search pursuant to a special condition of probation "at any time, day or night, and with or without a warrant, provided there exists a reasonable or good-faith suspicion for search, that is, the police must not merely be acting in bad faith or in an arbitrary and capricious manner (such as searching to harass [the] probationer)." (Citations and punctuation omitted.) *Reece v. State*, 257 Ga. App. 137, 140 (2) (570 SE2d 424) (2002).

At the hearing on Peardon's motion to suppress, the trial court explained that it had imposed the consent to search as a special condition of probation, and that Peardon's tacit acceptance of this mandatory condition should not be construed as a waiver of any constitutional right. The only choice Peardon made, the trial court explained, was to accept the conditions of his probation or to refuse them, in which case he would have served six months in jail. The trial court's order confirmed its finding that the search conditions had been imposed as a special condition of probation.

Peardon's tacit acceptance of this special condition provided police with the authority to search him, his van, and his house pursuant to a tip. See *Reece*, supra, 257 Ga. App. at 139-140 (2) (information that defendant was living with a drug user and had appeared intoxicated provided reasonable suspicion to search probationer); *State v. Cauley*, 282 Ga. App. 191, 195 (1) (638 SE2d 351) (2006) (parolee consented to search as condition of parole, and search was not conducted in bad faith).

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED AUGUST 9, 2007.

*Barry W. Bishop*, for appellant.
*Garry T. Moss, District Attorney, Lawton W. Scott, Assistant District Attorney*, for appellee.