A08A0687. BELL v. THE STATE.
(661 SE2d 649)

SMITH, Presiding Judge.

Vance Bell was found guilty by a Catoosa County jury on one count of theft by receiving, two counts of criminal use of an article with an altered identification mark, and four counts of owning a chop shop.[1] His amended motion for new trial was denied, and he appeals. As the State candidly acknowledges, it failed to give proper and timely notice of its intent to introduce evidence of a similar transaction under Uniform Superior Court Rules (USCR) 31.1 and 31.3, and Bell was not afforded a hearing as required by USCR 31.2 and 31.3 (B). We therefore reverse.

---

[1] Bell was found not guilty of one count of theft by receiving.

The trial of this case took place on October 4-6, 2006. On the day before trial, the State filed and served a supplemental list of six witnesses. The next day, Bell filed a motion in limine raising the point that the State had failed to comply with USCR 31.3. The trial court held a *Jackson-Denno* hearing with respect to one witness, but no Rule 31.3 (B) hearing was held.

On the third and final day of trial, before the similar transaction witness testified, Bell again raised the issue of the motion in limine, asserting that he was not informed of the witness until the eve of trial and was given no notice of similar transaction evidence. While Bell's counsel acknowledged that he had been given sufficient time to interview the witness, he stated that his trial tactics "would have definitely changed" had he known about the witness, and he renewed his objection to the witness. The trial court ruled that it would allow the witness to testify and "would expect to admit" the similar transaction evidence. Bell requested a hearing on the similar transaction evidence, and the trial court responded, "No, sir. We're not going to have a dry run of the trial." Asked by Bell's counsel if he "could have some guidance" with regard to the evidence that would be allowed, the trial court stated, "I'm not going to preliminarily make a ruling. . . . I'll rule on it at the proper time if need be." But before the witness testified, the trial court "in an abundance of caution" asked the jury to retire, and stated that it would make the findings required under Rule 31.3 (B). The trial court, however, did not specify the evidence to be presented or the purpose for its admission. During the witness's testimony, Bell again renewed his objection at several points.

After the jury had already retired to deliberate, the State served a written "motion and notice of prosecution's intent to present evidence of similar transactions." The State also presented a proposed "order shortening time" for serving a list of witnesses and notice of similar transactions, which the trial court signed.

1. "The purpose of the notice requirement contained in USCR 31.3 is to provide a criminal defendant adequate notice of the State's intent to use similar transactions to enable the defendant to resolve questions regarding admissibility of such evidence before trial." (Citation and punctuation omitted.) *Crouse v. State*, 271 Ga. App. 820, 824 (3) (611 SE2d 113) (2005). "Notice of intent to offer such evidence is not optional. Under [USCR] 31.3 the [prosecution] *must* give a defendant notice of its intent to present evidence of similar transactions or occurrences and seek the prior approval of the trial judge before presenting such evidence." (Citation and punctuation omitted.) *Baker v. State*, 193 Ga. App. 498, 499 (2) (b) (388 SE2d 402) (1989). Here, as the State acknowledges, the notice was untimely, and "[s]erving a similar transaction notice on day three of a trial,

when the similar witness was prosecuted by the same office, is just not excusable." The serving of a witness list on the eve of trial did not cure this deficiency. See *Story v. State*, 196 Ga. App. 590, 591 (396 SE2d 547) (1990).[2]

We note with admiration and appreciation the State's succinct brief and honorable request that "the relief sought by Appellant should be granted." This honest and forthright approach represents the best standards of the bar and deserves to be highly commended.

2. Based on our holding in Division 1, the State's remaining enumerations of error are moot.

*Judgment reversed. Mikell and Adams, JJ., concur.*

DECIDED APRIL 24, 2008.

*Jennifer E. Hildebrand*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Christopher A. Arnt, Assistant District Attorney*, for appellee.

---

[2] Failure to conduct a pretrial similar transaction hearing is not necessarily reversible error. "[W]hile it is preferable that the hearing be held before trial, it is not reversible error to conduct the hearing in mid-trial where . . . appellant can show no prejudice suffered from the failure to have the hearing before trial." *Thaxton v. State*, 260 Ga. 141, 144 (6) (390 SE2d 841) (1990). It appears that Bell has demonstrated prejudice through his counsel's testimony that he would have conducted the defense in a different manner had he received an earlier ruling. But, in view of the State's acknowledgment that the notice was insufficient, we need not reach this issue.