## A08A0610. ANDERSON v. THE STATE.

(666 SE2d 70)

RUFFIN, Presiding Judge.

A jury found James C. Anderson guilty of trafficking in cocaine, trafficking in methamphetamine, possessing methamphetamine, possessing marijuana with the intent to distribute, and possessing more than one ounce of marijuana. On appeal, Anderson challenges the trial court's denial of his motion to suppress evidence found in a safe that was seized from his home. For reasons that follow, we affirm.

On appeal from the denial of a motion to suppress, we view the evidence in a light most favorable to the trial court's decision, accepting its findings on disputed facts and witness credibility unless they are clearly erroneous.[1] In reviewing the trial court's ruling, "we may consider trial testimony in addition to the testimony submitted during the motion to suppress hearing."[2] So viewed, the evidence shows that Anderson, Robert Panetta, and Luis Velazquez lived in a rental house in Towns County. The house had two bedrooms; one was occupied by Panetta and the other by Velazquez. Anderson slept on the couch in the living room, but kept some of his belongings in Velazquez's room.

The Towns County Sheriff's Department received a complaint from a concerned citizen that there was drug activity taking place at the house. The concerned citizen also stated that Panetta had an outstanding warrant from Florida. Officer Kern confirmed that Panetta had an outstanding warrant for aggravated battery and obtained a copy of it. Officer Kern knew also that Anderson was on probation as a first offender for possessing marijuana with intent to distribute, and obtained a copy of the conditions of probation that Anderson had signed. They contained the following waiver of his Fourth Amendment rights:

> [you must] [s]ubmit to a search of your person, residence, papers[,] and/or effects, [any time] of the day or night, with or without a search warrant, whenever requested to do so by a Probation Officer or any law enforcement officer upon reasonable cause to believe that you are in violation of the law. You further specifically consent to the use of anything seized as a result of a search as evidence in judicial proceedings.

---

[1] See *Pike v. State*, 265 Ga. App. 575 (594 SE2d 753) (2004).

[2] *Green v. State*, 282 Ga. App. 5 (637 SE2d 498) (2006).

On February 9, 2006, law enforcement officers went to the house to execute the arrest warrant on Panetta. Panetta opened the door, but gave officers a different name, and the officers entered the house so that he could find his identification. Anderson was asleep on the living room couch; Officer Kern recognized him from a previous arrest. Officer Kern awakened Anderson, patted him down, and found a glass pipe and what he suspected to be methamphetamine. A set of scales, marijuana, and a "crystal[l]ized substance" were in plain view on a table in the living room. A Glock pistol was visible inside an open gym bag less than ten feet from Anderson. From the living room, Officer Kern could also see a rifle in Panetta's bedroom. Both Anderson and Panetta were placed under arrest.

Officers began to search the house pursuant to Anderson's Fourth Amendment waiver. Velazquez was present and consented to the search of the house and his bedroom. In Velazquez's room, officers found a large quantity of marijuana in ammunition cans, a small quantity of marijuana in a hollowed-out book, and a stolen flat-screen television. Velazquez told officers that the marijuana in the book was his, but that the large quantity of marijuana was not. In a hall closet, officers found a locked safe. Velazquez stated that he used the closet, which contained his shoes and clothes, but that he had never seen the safe. Anderson also denied any knowledge of the safe. Officers took the safe to the sheriff's department, where Panetta denied any knowledge of it. After Velazquez and Anderson denied ownership or knowledge of the safe again, Officer Kern opened it and found, among other items, cash, two digital scales, several pounds of marijuana, methamphetamine, cocaine, a pill bottle with Panetta's mother's name on it, and a receipt made out to Anderson.

Anderson was charged with trafficking in cocaine, trafficking in methamphetamine, possessing marijuana with intent to distribute, possessing more than one ounce of marijuana, and possessing methamphetamine. Anderson moved to suppress the evidence, which the trial court denied. At trial, Anderson was found guilty on all counts. In his sole enumeration of error, he contends that the trial court should have granted his motion to suppress as to the safe and its contents because: officers did not have authority to enter the house; his Fourth Amendment waiver did not authorize officers to search the hall closet; and the seizure of the safe and its contents was unlawful. We disagree.

The trial court found that Panetta allowed officers into the house voluntarily. That conclusion is supported by the testimony of the officers. Thus, the officers' initial presence in the house was

lawful.[3] Once officers were lawfully inside the house, we agree with the trial court that "there was more than sufficient reasonable suspicion to search Anderson" pursuant to his Fourth Amendment waiver. The United States Supreme Court has held that, when a probationer signed a Fourth Amendment waiver nearly identical to the one here, no more than reasonable suspicion of criminal activity was required to justify a search of the probationer's residence.[4] Anderson was found in a house where drug activity had been reported, in the company of a wanted man, with drugs and guns present.[5] When officers found drugs and drug paraphernalia on Anderson, they had additional reason to search his residence pursuant to the Fourth Amendment waiver.

Anderson's reliance on *Jones v. State*[6] is misplaced, because in *Jones* there was no evidence of any limitation on the probationer's Fourth Amendment rights at the time his residence was searched.[7] And we need not consider Anderson's challenge to the validity of the search as one incident to Panetta's arrest when the search was valid pursuant to Anderson's Fourth Amendment waiver.[8] We also reject Anderson's argument that the hall closet where the safe was found was "not a common area" and thus should not have been subject to search. While "[o]ne individual cannot waive the Fourth Amendment rights of another individual on [his] independent, separate, private property,"[9] that is not the case here. The closet was in a hallway accessible to all three roommates. It was clearly subject to search as a part of Anderson's residence pursuant to his Fourth Amendment waiver.

Anderson's argument that the safe should not have been opened without a warrant is similarly unavailing. To the extent the safe appeared to belong to Anderson, the search of its contents was authorized by his consent to searches of his residence and effects. Moreover, as Anderson repeatedly denied that the safe belonged to him, he has no standing to assert that his Fourth Amendment rights

---

[3] See *Pike*, supra at 577 (1); *Phillips v. State*, 269 Ga. App. 619, 622 (1) (604 SE2d 520) (2004).

[4] See *United States v. Knights*, 534 U. S. 112, 121 (122 SC 587, 151 LE2d 497) (2001).

[5] See *Peardon v. State*, 287 Ga. App. 158, 159-160 (651 SE2d 121) (2007); *Reece v. State*, 257 Ga. App. 137, 140 (2) (b) (570 SE2d 424) (2002).

[6] 282 Ga. 784 (653 SE2d 456) (2007).

[7] See id. at 786-787 (1) (a).

[8] See *Wilkinson v. State*, 283 Ga. App. 213, 215-216 (3) (641 SE2d 189) (2007) (defendant who had signed Fourth Amendment waiver could not challenge validity of search warrant that initially brought law enforcement to residence she shared, as she had agreed to submit to search of residence with or without warrant).

[9] *State v. Kuhnhausen*, 289 Ga. App. 489, 491 (1) (657 SE2d 592) (2008).

were violated by a search of it.[10] Accordingly, we affirm the trial court's denial of Anderson's motion to suppress.[11]

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

DECIDED JUNE 27, 2008 —
RECONSIDERATION DENIED JULY 22, 2008.

*Kris-Ann Stanley*, for appellant.

*N. Stanley Gunter, District Attorney, Cathy Cox-Brakefield, Assistant District Attorney,* for appellee.

---

[10] See *State v. Graddy*, 262 Ga. App. 98, 104-105 (4) (b) (585 SE2d 147) (2003); *Osment v. State*, 256 Ga. App. 591, 592 (569 SE2d 262) (2002).

[11] See *Osment*, supra.