A08A1385. SPENCER v. THE STATE.

(667 SE2d 223)

SMITH, Presiding Judge.

Morde Henry Spencer, Jr., appeals from his conviction for possession of heroin. In his sole enumeration of error on appeal, Spencer asserts he is entitled to a new trial, because his trial counsel provided ineffective assistance of counsel by failing to file a motion to suppress. For the reasons set forth below, we affirm.

The test for analyzing

the validity of a claim of ineffectiveness of counsel provided in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), asks whether counsel's performance was deficient and, if so, whether this deficiency prejudiced the defense; that is, whether there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's deficiency.

(Citation, punctuation and footnote omitted.) *Bruce v. State*, 252 Ga. App. 494, 498 (2) (555 SE2d 819) (2001). "A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous." (Citations and punctuation omitted.) *Scapin v. State*, 204 Ga. App. 725 (420 SE2d 385) (1992). "When trial counsel's failure to file a motion to suppress is the basis for a claim of ineffective assistance, the defendant must make a strong showing that the damaging evidence would have been suppressed had counsel made the motion." (Citation omitted.) *Richardson v. State*, 276 Ga. 548, 553 (3) (580 SE2d 224) (2003).

In the motion for new trial hearing, Spencer's trial counsel testified that she did not file a motion to suppress because she believed the police were authorized to search Spencer's room based upon the following condition of his probation:

Probationer shall submit to a search of his/her person, vehicle, residence and property, with or without a warrant

at any time such request is made by the probation staff, city, county, or state law enforcement officer and specifically consents to the use of anything seized as evidence in a proceeding to revoke or discipline said probationer.

The record shows that a narcotics agent became interested in Spencer on August 17, 2005, after a person placed an anonymous phone call to the Henry County police department hotline about drug use or sales by Spencer at a particular address.

Over a two-month period of time, the agent drove by this address "periodically" when she was in the area to determine if there was "short-term traffic" at Spencer's residence. The agent explained that short-term traffic means "numerous cars pull up maybe in a short amount of time, maybe the car is even left running, maybe some people are left inside but short-term traffic as far as they may go in the house, several minutes later they're leaving." The agent also looked through Spencer's trash for evidence of illegal drugs. We cannot determine from the record whether the agent looked at Spencer's trash more than once.

Neither the surveillance nor the trash provided evidence that Spencer was selling drugs. The agent explained, however, that her investigation did not rule out drug use by Spencer. She testified, "[p]eople that sell drugs also use drugs. In that case you would not see activity at a residence." Additionally, "[s]ome people are very well aware of our techniques that we use in investigation such as trash pulls. A lot of people realize that we go through trash."

During the course of her continued investigation, the agent learned that Spencer was on probation, talked with his probation officer, and verified that a condition of his probation in a negotiated guilty plea included a consent to search clause. The probation officer informed the agent that Spencer's brother had told him that Spencer was selling prescription drugs out of the house. The brother made a report to the probation officer two weeks after the narcotics hotline received the anonymous tip. We cannot determine, however, from the record before us the length of time that passed between the narcotics agent's conversation with Spencer's probation officer and her search of Spencer's home. The record also does not demonstrate that the narcotics agent knew the date on which Spencer's brother made the report to the probation officer.

Under the authority of the search clause, the narcotics agent went to Spencer's home on November 15, 2005, and searched his bedroom. The agent found a spoon with heroin residue on it in a box under a coffee table.

Spencer claims that a motion to suppress would have been successful because the narcotics agent's search of his room violated

the Fourth Amendment. We disagree.

> A search conducted pursuant to a special condition of probation need not be made as a routine incident of the probation supervision process. The rule is that there must be some conduct reasonably suggestive of criminal activity to trigger the search. It can be prompted by a good-faith suspicion, arising from routine police investigative work. Accordingly as a general rule, the police can search a probationer, who is subject to such a special condition of probation, at any time, day or night, and with or without a warrant, provided there exists a reasonable or good-faith suspicion for search, that is, the police must not merely be acting in bad faith or in an arbitrary and capricious manner (such as searching to harass probationer).

(Citation, punctuation and footnote omitted.) *Reece v. State*, 257 Ga. App. 137, 140 (2) (b) (570 SE2d 424) (2002).

We find no merit in Spencer's assertion that the agent lacked the requisite reasonable or good faith suspicion for search because she allegedly disproved the anonymous tip with her investigation. The agent testified that her investigation did not rule out drug use by Spencer. Likewise, the passage of time from the first anonymous tip until the search does not render the search invalid. As previously noted, we cannot determine from the record before us exactly when the agent talked with the probation officer and learned that Spencer's brother, a person with apparent knowledge of Spencer's activities, also reported drug activity by Spencer. The agent could have learned about this second report shortly before her search.

Based upon all of these facts and circumstances, we find that the agent acted with a reasonable and good faith suspicion of criminal activity when she searched Spencer's room after learning about two reports of drug activity on his part. See *Peardon v. State*, 287 Ga. App. 158, 159 (651 SE2d 121) (2007) (upholding police search under probation clause after tip received from confidential informant); *Rocco v. State*, 267 Ga. App. 900, 903-904 (2) (601 SE2d 189) (2004) (upholding police search under clause in a bond order after tip received from informant of unknown reliability). Additionally, the record in this case clearly fails to establish that the agent acted in bad faith or in an arbitrary and capricious manner. For these reasons, Spencer has not made a strong showing that any motion to suppress would have been granted. The trial court, therefore, did not err by denying Spencer's claim that his counsel was ineffective for failing to file a motion to suppress.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED AUGUST 27, 2008.

*Joseph S. Key*, for appellant.
*Tommy K. Floyd, District Attorney, Blair D. Mahaffey, Assistant District Attorney*, for appellee.