## A10A1183. BROWN v. THE STATE.
(704 SE2d 227)

DOYLE, Judge.

After a jury trial, Samuel Brown was convicted of trafficking in cocaine[1] and possession of tools (electronic scales) for the commission of a crime.[2] On appeal, Brown challenges the sufficiency of the evidence, contending that other individuals had equal access to the premises. Brown also argues that the trial court erred by (1) admitting impermissible character evidence; (2) not recusing from Brown's trial or new trial motion; (3) not excusing for cause a juror employed by the sheriff's department; (4) admitting evidence of contraband seized from Brown's home; and (5) denying Brown's motion for new trial on the basis that Brown received ineffective assistance of counsel related to each of the above-listed errors. For the reasons that follow, we affirm; with regard to Brown's allegation that the trial court failed to conduct a hearing pursuant to Uniform Superior Court Rule ("USCR") 31.3, we remand to the trial court with direction as stated in Division 2 (b).

Viewing the evidence in the light most favorable to the verdict,[3] Probation Officer Holli Braden and other officers conducted a field visit of Brown's residence on January 11, 2008. Brown was the only individual at the home, and while he was talking to Braden, Brown told her he needed to use the restroom. Braden became suspicious, and she went to search the restroom while other officers searched the home. She discovered in the toilet tank an object she could not identify immediately, which another officer present identified as scales normally used to measure narcotics. That other officer, Investigator Al Kelly, who was deceased by the time of trial, uncovered large quantities of crack cocaine covered in unused toilet tissue in the trash can of the restroom, while Braden and a third officer, who photographed the evidence, witnessed the discovery. Also discovered was a closed circuit surveillance system, which monitored all of the home's approaches, and $3,542 in currency on Brown's person.

---

[1] OCGA § 16-13-31 (a) (1).

[2] OCGA § 16-7-20.

[3] See *Lott v. State*, 303 Ga. App. 775 (1) (694 SE2d 698) (2010). See also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Brown testified at trial in his own defense, and he admitted that he resided at the house at which the cocaine and scales were found, but claimed ignorance regarding the contraband. Although Brown testified that numerous individuals had access to the same location, he did not testify that any of those individuals may have placed or did place the drugs there. Brown also provided explanations for having so much cash at the time of the search and for the necessity of having a surveillance system of the exterior of his home. Although officers discovered a child's clothing in storage in the house, they did not discover evidence of any other person residing at the home, which was owned by Brown's grandmother (who did not reside there) and was where Brown testified that he had resided since 2003.

1. (a) Brown challenges the sufficiency of the evidence, arguing that because he did not own the home in which the narcotics and electronic scales were discovered, and because other family members had equal access to the location, the evidence presented at trial was insufficient to show that he possessed the items. We disagree.

"A person who, though not in actual possession, knowingly has both the power and intention at a given time to exercise dominion or control over a thing is then in constructive possession of it."[4] "A finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity."[5] "Possession can be proven by circumstantial as well as direct evidence. All of the competent evidence adduced at trial, which was admissible against [Brown], may be considered to show his constructive . . . possession."[6]

> A conviction on circumstantial evidence is supported only if the proved facts exclude every reasonable hypothesis save that of the defendant's guilt. Whether the circumstantial evidence is sufficient to exclude every reasonable hypothesis save that of defendant's guilt is a question for the jury unless the verdict is insupportable as a matter of law.[7]

In this case, the jury was presented with sufficient evidence to determine beyond a reasonable doubt that Brown was guilty of possessing the narcotics with the intent to distribute them and that he possessed the scale in furtherance of that crime based on his residing at the house in question for the last five years, the fact that

---

[4] (Punctuation omitted.) *Turner v. State*, 298 Ga. App. 107, 108 (679 SE2d 127) (2009).
[5] (Punctuation omitted.) *Wilson v. State*, 256 Ga. App. 741, 742 (1) (569 SE2d 640) (2002).
[6] (Punctuation omitted.) Id.
[7] (Punctuation and footnote omitted.) *Turner*, 298 Ga. App. at 108-109.

the items were well hidden within the premises, the lack of evidence at the home of any other persons residing therein, Brown's possession of a substantial amount of cash on his person at the time of the search, and his use of the closed circuit surveillance system to monitor his home.[8]

"The equal access defense is based on the rule that merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime."[9] While Brown testified that other individuals visited his home occasionally and that an overnight visitor had been with him until the day of the search,[10] the State presented more evidence "than mere presence and equal access linking [Brown] to the contraband,"[11] and the verdict is, therefore, not insupportable as a matter of law.

(b) Brown contends that the trial court abused its discretion when it failed to grant him a new trial as to his claims of ineffective assistance of counsel for failure to present a defense of equal access.

> To succeed in this claim, [Brown] must demonstrate that trial counsel's performance was deficient and that the deficiency prejudiced his defense. The necessary showing requires [Brown] to overcome the strong presumption that counsel's conduct fell within the broad range of reasonable professional performance. As we have found, tactical decisions, even if they misfire, do not generally equate with ineffectiveness.[12]

Brown's argument fails. The record clearly indicates that trial counsel presented testimony in an effort to support a defense of equal access and moved for a directed verdict of acquittal on that basis.

2. Next, Brown contends that the trial court erred by admitting (a) evidence that Brown was on probation, and (b) Brown's prior criminal record, which Brown contends was impermissible character evidence.

---

[8] See id.

[9] (Punctuation omitted.) *Johnson v. State*, 267 Ga. App. 549, 551 (2) (600 SE2d 667) (2004).

[10] See *Mathis v. State*, 204 Ga. App. 896, 897 (1) (420 SE2d 788) (1992) ("The equal access rule is not properly invoked in regard to persons who are merely visiting, even overnight; thus[,] *equal* access is not merely access.") (punctuation omitted; emphasis in original).

[11] *Wilson*, 256 Ga. App. at 743 (1). See *Johnson*, 267 Ga. App. at 551 (2).

[12] (Citations and punctuation omitted.) *Adams v. State*, 290 Ga. App. 299, 300 (1) (659 SE2d 711) (2008).

(a) (i) "[A]ll circumstances with an accused's arrest are admissible if they are shown to be relevant. This is so even if the evidence incidentally puts the accused's character in issue."[13] "A trial judge's determination that evidence offered as part of the res gestae is sufficiently informative and reliable as to warrant being considered will not be disturbed on appeal unless that determination is clearly erroneous."[14]

We discern no error in the admission of evidence of Brown's status as a probationer because the probation itself was part of the res gestae of his arrest, which was effected after a search conducted under a Fourth Amendment waiver he gave as a term of his probation.[15]

(ii) Brown also contends that his trial counsel was ineffective for failing to object to admission of the evidence that he was on probation at the time of the arrest. Because the evidence was admissible as part of the res gestae of Brown's arrest, any motion to exclude the evidence or object to its admission would have been meritless, and "[t]rial counsel's failure to pursue a futile objection does not constitute ineffective assistance."[16] Moreover, trial counsel's decision to elicit details of the crime for which Brown was on probation (aggravated assault) rather than allowing the jury to speculate about the nature of the prior crime, i.e., that Brown was on probation for another drug offense, was a tactical decision and a valid exercise of trial counsel's professional judgment.[17]

(b) Brown also argues that the trial court erred by admitting evidence of his 1994 conviction on four counts of selling cocaine because the crime was committed more than ten years prior to the alleged acts without first holding a hearing,[18] which was required pursuant to USCR 31.3.

> The purpose of the notice requirement contained in USCR 31.3 is to provide a criminal defendant adequate notice of the State's intent to use similar transactions to enable the defendant to resolve questions regarding admissibility of such evidence before trial. . . . Under USCR 31.3 the prosecution *must* give a defendant notice of its intent to

---

[13] (Punctuation omitted.) *Hampton v. State*, 287 Ga. App. 896, 899 (2) (652 SE2d 915) (2007).

[14] (Punctuation omitted.) Id.

[15] See id.

[16] (Punctuation omitted.) *King v. State*, 259 Ga. App. 589, 591 (2) (578 SE2d 176) (2003).

[17] See, e.g., *Wright v. State*, 276 Ga. 419, 422 (5) (e) (577 SE2d 782) (2003) ("All strategies and tactical decisions are the exclusive province of the lawyer after consultation with his client. Such decisions rarely qualify as grounds for a finding of ineffectiveness.") (citation and punctuation omitted).

[18] Brown does not challenge the admission of the evidence based on the similarity of the acts.

present evidence of similar transactions or occurrences and seek the prior approval of the trial judge before presenting such evidence.[19]

As an initial matter, Brown's trial counsel did not object to admission of the evidence of Brown's 1994 convictions when the State moved to admit them at trial. Nevertheless,

> [t]he burden of conducting the requisite hearing before similar transaction evidence can be admitted at trial is placed squarely with the State and the trial court; defendant bears no burden to initiate this procedure. Accordingly, [because Brown raised this ground] before the trial court at the hearing on the motion for new trial and pursued [it] on appeal via an enumeration of error supported by argument and citation of authority, [Brown's] failure to object to the admission of similar transaction evidence on the basis that a Rule 31.3 (B) hearing was not conducted does not constitute a waiver of the procedure dictated by Rule 31.3 (B) and does not preclude our consideration of this issue on appeal.[20]

Here, the record establishes that the State provided notice of intent to present evidence of similar acts pursuant to USCR 31.3 (A). There is no evidence in the record, however, that a *Williams*[21] hearing was conducted by the trial court outside of the prosecutor's comments at the hearing on the motion for new trial that a *Williams* hearing on the issue was conducted the week before trial at Brown's probation revocation hearing.[22] Accordingly, pursuant to this Court's prior decisions, we remand this issue to the trial court "to conduct a post-trial USCR 31.3 (B) hearing"[23] or determine whether such hearing was actually held in Brown's probation revocation hearing. In the event that no hearing was held, then the trial court is directed to conduct a post-trial hearing and should follow the procedure set forth in *White*:

> If the trial court determines that the State's evidence of similar transactions does not demonstrate substantial rel-

---

[19] (Citation and punctuation omitted.) *Bell v. State*, 291 Ga. App. 294, 295 (1) (661 SE2d 649) (2008).

[20] (Punctuation omitted.) *White v. State*, 213 Ga. App. 429, 430 (1) (445 SE2d 309) (1994).

[21] *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991).

[22] The State contends that trial counsel's testimony at the hearing also supports this finding, but counsel testified that he could not remember what pre-trial hearings were conducted in this case.

[23] (Punctuation omitted.) *White*, 213 Ga. App. at 431 (1).

evancy for a proper purpose under the standards of *Williams v. State*[ ] or if such relevancy is substantially outweighed by the danger of unfair prejudice, then a new trial would be warranted. Conversely, if the trial court determines that the State's evidence of similar transactions was admissible pursuant to USCR 31.3 (B) and *Williams v. State*[ ] then a new trial is unnecessary.[24]

In the event that the Rule 31.3 (B) hearing was conducted during Brown's probation revocation proceeding, then the trial court should make the transcript of the hearing part of the record of this case and address its effect on Brown's allegations of ineffective assistance of counsel on this issue contained in the motion for new trial. Accordingly, we remand this limited portion of the appeal to the trial court.

(c) To the extent that Brown raises arguments concerning the trial court's limiting instruction regarding the prior convictions, we decline to review these arguments because an appealing party may not use its brief to expand its enumeration of errors by arguing issues not stated in the enumeration of the errors.[25]

3. Brown also contends that the trial judge erred by not sua sponte recusing from presiding over the trial and motion for new trial hearing and by failing to sua sponte disqualify from the jury a sheriff's department employee.

(a) (i) Brown did not file a motion to recuse the trial judge (who also presided over the motion for new trial) but argues on appeal that the judge should have sua sponte recused himself because he was the district attorney when Brown was convicted in 1994 of drug charges and because the judge had recently presided over Brown's probation revocation hearing.

"There is no duty for a trial judge to sua sponte recuse himself absent a violation of a specific standard of OCGA § 15-1-8 or Canon 3 (E) (1) (a) through (c) of the Code of Judicial Conduct, which is not waived by a party after disclosure."[26] Brown argues that under the Code of Judicial Conduct, the trial judge's impartiality fell into the category of that which "might reasonably be questioned" based on his prior experience with Brown.

As we explained in *Hargrove v. State*,

[t]he phrase "impartiality might reasonably be questioned" has been interpreted to mean the existence of a reasonable

---

[24] (Citations omitted.) Id.

[25] See, e.g., *Tucker v. State*, 299 Ga. App. 278, 280 (2) (683 SE2d 356) (2009).

[26] (Punctuation omitted.) *Hargrove v. State*, 299 Ga. App. 27, 31 (2) (681 SE2d 707) (2009).

perception of lack of impartiality by the judge, held by a fair minded and impartial person based upon objective fact or reasonable inference; it is not based upon the perception of either interested parties or their lawyer-advocates. *A trial judge's failure to sua sponte recuse himself will warrant reversal only where the conduct or remark of the judge constitutes an egregious violation of a specific ethical standard*, and it must support the inescapable conclusion that a reasonable person would consider the judge to harbor a bias that affects his ability to be impartial.[27]

With regard to the issue of the trial judge's involvement in Brown's probation revocation hearing and prior convictions (in the judge's former capacity as a prosecutor), this Court previously has determined that presiding over such a hearing does not constitute reason, standing alone, for sua sponte recusal by the trial judge.[28] Brown contends that the trial judge should have recused himself based on the cumulative effect of his prior experience with Brown. We find this contention without merit because Brown has not presented any citations to the record showing specific conduct or remarks by the trial judge that would support his claim that the judge harbored a bias toward him to the extent that sua sponte recusal was necessary.

(ii) Brown contends that trial counsel was ineffective for failing to seek recusal of the trial judge. Brown, however, has failed to identify any evidence of record that the judge harbored any bias that affected his ability to impartially preside over the trial or the motion for new trial, and "a judge is not automatically disqualified from sitting or acting in criminal cases merely on the ground that the judge, in prior employment, has previously prosecuted the defendant in unrelated criminal proceedings."[29]

(b) Brown contends that the judge failed to rule on his motion to recuse, which was contained in his motion for new trial.

"Under our law, counsel must obtain rulings on his motions or objections, and the failure to do so ordinarily results in a waiver."[30] In any event, pretermitting whether Brown waived his right to

---

[27] (Punctuation omitted; emphasis supplied.) Id. at 31-32 (2).

[28] See *Lemming v. State*, 292 Ga. App. 138, 141-142 (1) (663 SE2d 375) (2008) (trial judge was formerly prosecutor involved with defendant's prior convictions); *Phillips v. State*, 267 Ga. App. 733, 736 (2) (601 SE2d 147) (2004) (trial judge presided over probation revocation hearing).

[29] *Wise v. State*, 257 Ga. App. 211, 214 (2) (570 SE2d 656) (2002).

[30] *Overton v. State*, 270 Ga. App. 285, 289 (2) (606 SE2d 306) (2004).

challenge this alleged error, Brown failed to point to any evidence of record that the judge harbored any bias that affected his ability to impartially preside over the motion for new trial.[31]

(c) Brown also contends that the trial court should have sua sponte dismissed a juror because of the juror's alleged employment in the Ben Hill County Sheriff's Department. The majority of the voir dire does not appear in the appellate record, and Brown has failed to point to any record evidence to support his claim, other than identifying as a Department employee an individual named Cynthia Roberts, who was the jury foreperson. Accordingly, this claim is without merit, and for the same reason, Brown's contention that trial counsel was ineffective for failing to strike from the jury Cynthia Roberts fails as a basis for ineffective assistance of counsel.

4. Brown also argues that the trial court erred when it admitted items seized from his home. We disagree.

Pretermitting whether Brown waived this claim by failing to file a motion to suppress or object to admission of the evidence during trial, we address the validity of the search because Brown has challenged his trial counsel's effectiveness for failing to file a motion to suppress. The State submitted to the trial court Brown's conditions of probation for his 2006 aggravated assault conviction, signed by Brown, which stated that Brown "[s]hall, at the request of Probation Supervisor, consent to a search, without necessity or benefit or [sic] a search warrant, of person, residence, or motor vehicle under his control by Probation Supervisor or any Law Enforcement Officer for detection of alcohol or controlled substances."

When an individual has executed a Fourth Amendment waiver as part of a probationary sentence, law enforcement officers may

> search pursuant to a special condition of probation at any time, day or night, and with or without a warrant, provided there exists a reasonable or good-faith suspicion for search, that is, the police must not merely be acting in bad faith or in an arbitrary and capricious manner (such as searching to harass the probationer).[32]

Although evidence of the controlled buy leading up to the probation search of Brown's residence was excluded from trial based on the death of the officer conducting the buy and disappearance of the criminal informant, the information was sufficient to show that the

---

[31] See *Wallace v. State*, 272 Ga. 501, 505-506 (5) (530 SE2d 721) (2000).

[32] (Punctuation omitted.) *Peardon v. State*, 287 Ga. App. 158, 160 (651 SE2d 121) (2007).

probation supervisor's search of Brown's residence was not arbitrary, capricious, or conducted in bad faith.[33]

Brown points to *Jones v. State*,[34] to support his argument that the search was unconstitutional. *Jones* is inapposite. In that case, "the State failed to introduce any evidence showing that Jones's Fourth Amendment right against warrantless searches of his residence was limited by court order or anything else in Georgia law at the time his apartment was searched."[35] Accordingly, Brown's enumeration is without merit.

Because we have concluded that this was a valid search pursuant to a Fourth Amendment waiver, it follows that trial counsel was not ineffective for failing to move to suppress the items seized from Brown's home. "The mere failure to file a suppression motion does not constitute per se ineffective assistance of counsel. Rather, the defendant must make a strong showing that, had his lawyer filed a motion to suppress, the trial court would have granted it."[36] Brown has therefore failed to establish ineffective assistance of counsel on this basis and the trial court's denial of his motion for new trial was not clearly erroneous.[37]

*Judgment affirmed and case remanded with direction. Andrews, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 24, 2010.

*Kimberly L. Copeland*, for appellant.

*Denise D. Fachini, District Attorney, Cheri L. Nichols, Assistant District Attorney*, for appellee.

---

[33] See, e.g., id. (upholding as lawful a search incident to a Fourth Amendment waiver conducted after officers received a tip from a confidential informant). See also *Spencer v. State*, 293 Ga. App. 450, 452 (667 SE2d 223) (2008).

[34] 282 Ga. 784 (653 SE2d 456) (2007).

[35] Id. at 787 (1) (a). See also *Anderson v. State*, 292 Ga. App. 826, 828 (666 SE2d 70) (2008) (distinguishing *Jones* on the same basis).

[36] (Citation omitted.) *Boykins-White v. State*, 305 Ga. App. 827, 832 (4) (701 SE2d 221) (2010).

[37] See *Spencer*, 293 Ga. App. at 452.