# Court of Appeals
# of the State of Georgia

ATLANTA,  September 19, 2018

*The Court of Appeals hereby passes the following order:*

**A19A0189. SAMUEL L. BROWN v. THE STATE.**

A jury found Samuel L. Brown guilty of possessing the tools for the commission of a crime and trafficking in cocaine, and he was sentenced to thirty years with ten to serve.[1] Brown concedes that he is a five-time recidivist, and the trial court imposed a sentence with no parole eligibility. Years later, Brown filed a motion to vacate a void sentence, arguing that the sentencing scheme is unconstitutional.[2] The trial court denied the motion, and Brown appeals.

A direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610,

---

[1] Brown's convictions were affirmed on appeal. See *Brown v. State*, 307 Ga. App. 99 (704 SE2d 227) (2010).

[2] Brown's constitutional argument is difficult to decipher. The maximum sentence for his offense is 30 years. See OCGA § 16-13-30 (d). Under OCGA § 16-13-31 (a) (1) (A), Brown faced a mandatory minimum of ten years. Brown argues that OCGA § 17-10-1 (a) – which requires a recidivist to be sentenced to the longest term provided – is unconstitutional when read in conjunction with OCGA § 16-13-31 (a) (1) (A) because it increases the mandatory minimum sentence in violation of due process. The Supreme Court has already upheld the constitutionality of OCGA § 17-10-1 on similar grounds. See *Ortiz v. State*, 266 Ga. 752, 754 (2) (b) (470 SE2d 874) (1996).

611 (a) (409 SE2d 517) (1991). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, the trial court sentenced Brown to 30 years, which is a lawful sentence for a recidivist drug offender. See OCGA § 16-13-30 (d). Accordingly, Brown has not raised a colorable void sentence claim, and his appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  09/19/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , Clerk.